## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Patricia Merwin,<br><br>            Plaintiff,<br><br>– against–<br><br><br>Synchrony Bank, TransUnion, LLC and Equifax Information Services, LLC,<br><br>            Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Patricia Merwin (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Synchrony Bank ("Synchrony"), TransUnion LLC ("Transunion") and Equifax Information Services, LLC ("Equifax") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.  The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Patricia Merwin, is an adult citizen of the state of Pennsylvania domiciled in Kittanning, PA.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Synchrony is a corporation business entity organized and existing under the laws of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 170 West Election Road, Suite 125, Draper, UT 84020.

5. Defendant Transunion is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

6. Defendant Equifax is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 1550 Peachtree St., Atlanta, GA 30309.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Defendants because Defendants are either domiciled in Pennsylvania and/or continuously do business in Pennsylvania.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681

may be brought in any appropriate United States district court, without regard to the amount in controversy.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because all defendants are Delaware residents, as that term is defined by 28 U.S.C. § 1391(c)(2) and 1391(d).

## FACTUAL ALLEGATIONS

10. Defendant Synchrony issued a credit card account ending in 1052 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

11. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

12. On or about December 30, 2015, Plaintiff and Patenaude & Felix, A.P.C., on behalf of Synchrony, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached herein as Exhibit A.

13. Pursuant to the terms of the settlement, Plaintiff was required to make six (6) monthly payments totaling $913.98 to settle and close her Synchrony credit account.

14. Plaintiff, via her debt settlement representative, timely made each settlement payment. Proofs of these payments are attached herein as Exhibit B.

15. However, Plaintiff's Synchrony account continued to be negatively reported.

16. In particular, on a requested credit report dated March 11, 2017, Plaintiff's Synchrony account was reported with a status of "CHARGE OFF," a balance of $947.00 and a past due balance of $416.00. The relevant portion of Plaintiff's credit report is attached herein as Exhibit C.

17. This trade line was inaccurately reported. As evidenced by the settlement agreement and proofs of payments, the account was settled for less the than full balance and must be reported as such.

18. Plaintiff, via her attorney at the time, notified Defendants directly of a dispute on the Synchrony account's completeness and/or accuracy. This letter and the certified mail receipts are attached herein as Exhibit D.

19. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony to the Consumer Reporting Agencies, Equifax and Transunion, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

20. In May of 2017, Plaintiff requested an updated credit report for review. The tradeline for the Synchrony account in question remained nearly the same as the March 11, 2017 credit report, as Defendants failed to correct the inaccuracy. The only difference was that the balance went up even more to $1,416.00. The relevant portion of the May 2017 credit reports are attached herein as Exhibit E.

21. Equifax and Transunion did not notify Synchrony of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Synchrony and

Synchrony failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

22. If Synchrony did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Synchrony account would be updated to reflect a 'settled' status with a $0 balance.

23. Synchrony has promised through its subscriber agreements or contracts to accurately update accounts but Synchrony has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

24. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax and Transunion.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless,

negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

29. Transunion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

30. Synchrony is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

31. Synchrony is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

32. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

33. Synchrony failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

34. Synchrony failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

35. Equifax and Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

36. Equifax and Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

37. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

38. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*